IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HITOSHI OMBE,

       Plaintiff,

v.                                                                                                No.  14cv763 RB/KBM

SUSANA MARTINEZ, *et al.*,

       Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND CONSOLIDATING CASES

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs ("Application to proceed IFP").  Doc. 2, filed August, 22 2014.  For the reasons stated below, the Court will **GRANT** the application and **CONSOLIDATE** Plaintiff's two other cases, 14cv856 KBM/CG and 14cv857 WPL/RHS, with this case.

**Application to Proceed IFP**

Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs.  The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit in support of his Application in which he declares that he is unable to pay the costs of these proceedings and declares under penalty of perjury that the information regarding his income is true.  Plaintiff states that his monthly income is $1,380.00 and that his monthly expenses total $1,170.00, a difference of $210.00.  *See* Application at 2, 5.  Plaintiff also states that his monthly income of $1,380.00 "is the maximum [he] expect[s] [to] get each month [but] during the months of winter, this could be less if [his employer] has to be closed due to weather [as it has] happened in the past [in which case] On those days, [he does] not have income."  Application at 6.  While his Application indicates he has $750.00 in cash, Plaintiff clarifies that amount "is the money I could manage to save."  Application at 6.  Plaintiff also indicates that his income generally equals his expenses.  *See* Application at 5, 6.  The Court concludes Plaintiff is unable to pay the costs of these proceedings.

**Consolidation of Cases**

Plaintiff has Autism Spectrum Disorder/Asperger's and his first language is Japanese. *See* Complaint at 2-3.  The Defendants are the State of New Mexico, the New Mexico Department of Public Education, the New Mexico Division of Vocational Rehabilitation ("NMDVR""), and employees of the State of New Mexico.  *See* Complaint at 1.  Plaintiff's claims arise from his dealings with NMDVR.  Plaintiff asserts that NMDVR's purpose "is to help disabled people to obtain gainful employment and retain it."  Complaint at 7.  Plaintiff alleges that his civil rights were violated during his dealings with NMDVR because of his disability, race, national origin, ethnic background and age.  *See* Complaint at 16-17.

Plaintiff initiated a second case, 14cv856 KBM/CEG (D.N.M.), which he states is "directly related" to this case. The defendants are, apparently, employees of NMDVR.  Plaintiff

2

requested an in-person pre-hearing conference because of his disability and the fact that English is his second language. Plaintiff contends his equal protection and due process rights were violated because defendants insisted on a telephonic pre-hearing conference instead of an in-person conference.

Plaintiff initiated a third case, 14cv857 WPL/RHS (D.N.M.), which he states is "directly related" to this case. Defendants are Disability Rights New Mexico, Inc. ("DRNM") and employees of DRNM. Plaintiff alleges that DRNM is the sole organization to advocate on behalf of disabled people before NMDVR. Plaintiff states that he contacted DRNM "when the problems at NMDVR emerged." Plaintiff contends that there were significant communication problems because of his disability, that DRNM did not remedy those problems and, consequently, violated Plaintiff's civil and constitutional rights because of race, national origin, disabilities and age.

Rule 42(a) of the Federal Rules of Civil Procedure allows the Court to consolidate actions which involve a common question of law or fact. Factors the Court considers when determining whether to consolidate cases include: (i) interests of justice; (ii) expeditious results; (iii) conservation of resources; and (iv) avoiding inconsistent results. *See* 8 Moore's Federal Practice § 42.10(4)(a) (3d Ed.).

The Court will consolidate Plaintiff's three cases because they all involve common questions of law and fact: whether Plaintiff is disabled and whether Defendants' actions violated Plaintiff's civil and constitutional rights. Consolidation of these cases will not prejudice any of the parties because the claims are not substantially different. Plaintiff initiated his three cases in August and September 2014. Consolidation at this early stage should avoid duplication of effort during discovery and should not delay the trial process.

**Service of Process**

The statute governing proceedings *in forma pauperis* provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]." 28 U.S.C. § 1915(d). Because Plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915, the Court will order the Clerk of the Court to notify Defendants that an action has been commenced and request that Defendants waive service pursuant to Fed. R. Civ. P. 4(d).

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2, filed August 22, 2014) is **GRANTED.**

**IT IS ALSO ORDERED** that cause Nos. 14cv763 RB/KBM (as lead case) and 14cv856 KBM/CG and 14cv857 WPL/RHS (as member cases) are **CONSOLIDATED.**

**IT IS FURTHER ORDERED** that the Clerk reassign cause Nos. 14cv856 KBM/CG and 14cv857 WPL/RHS to United States District Judge Brack and United States Magistrate Judge Molzen. The parties are instructed henceforth to make all filings in these actions under civil cause No. 14cv763 RB/KBM.

**IT IS FINALLY ORDERED** that the Clerk of the Court notify Defendants that an action has been commenced and request that Defendants waive service pursuant to Fed. R. Civ. P. 4(d). If Defendants do not return the waiver within 45 days after the request is sent, then the United States Marshal shall serve a copy of the Summons and Complaint on Defendants.

_____
**UNITED STATES DISTRICT JUDGE**