IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HITOSHI OMBE,

        Plaintiff,

v.                                  No. 14-CV-00763 RB/KBM

SUSANA MARTINEZ, *et al.*

        Defendant.

MEMORANDUM OPINION AND ORDER

Plaintiff Hitoshi Ombe sued Defendants Susana Martinez, Hanna Skandera, Ralph Vigil, Rosa Lima, Richard Smith, John Fullinwider, Terri Douglass, Adrian Apodaca, Susan Lopez, Reyes R. Gonzales, Ava Gutierrez, Ernest Pacheco, Lee Martinez, Carol Day, Tanya Shatz, Martha V. Jaramillo, Patricia Gulino, State of New Mexico, New Mexico Department of Public Education, and New Mexico Division of Vocational Rehabilitation (hereinafter, "Defendants"), for violating federal disability and age discrimination law.  Defendants moved to dismiss on the ground that Plaintiff failed to exhaust his administrative remedies. (Doc. 30.)  Having reviewed the parties' submissions and arguments, the Court **DENIES** the motion to dismiss in part and **GRANTS** the motion in part.

I.       BACKGROUND

Plaintiff suffers from Asperger's disorder, a mood disorder, and mild neurocognitive problems.  (Am. Compl. ¶¶ 6, 9-10.)  Based upon these disabilities, Plaintiff applied for services offered by the New Mexico Division of Vocational Rehabilitation ("DVR") on February 21, 2011.  (Am. Compl. ¶ 111A.)  Plaintiff was unemployed at the time he applied for DVR services, and DVR helped Plaintiff obtain a job as a cashier at a gas station.  (Am. Compl. ¶ 17; Am.

1

Compl. Ex., Aff. ¶ 305)    Over the next three years, Plaintiff continued to interact with DVR employees in hopes of obtaining a different job, one more suited to his skills and interests.  (Am. Compl. ¶¶ 47-111A.)  Due to his disability, Plaintiff struggled to understand the processes and practices of DVR, and he became increasingly dissatisfied with his experience at DVR.  (Am. Compl. ¶¶ 47-111A.)  Plaintiff was assigned three different vocational rehabilitation counselors throughout his course of dealing with DVR, all of whom he ultimately found unsatisfactory. (Am. Compl. ¶¶ 60, 79, 96.)

On July 5, 2013, Plaintiff filed a complaint with the United States Department of Education, Office of Civil Rights ("OCR").  (Am. Compl. ¶ 101.)  OCR dismissed Plaintiff's complaint on December 31, 2013.  (Am. Compl. ¶ 103.)  Subsequently, Plaintiff filed a request for a fair hearing with DVR on March 13, 2014.  (Am. Compl. ¶ 108.)  Plaintiff's DVR case was closed on March 27, 2014, and Plaintiff responded by filing a second request for a fair hearing regarding this closure.  (Am. Compl. ¶¶ 109-110.)  However, Plaintiff later withdrew this second request for a fair hearing.  (Am. Compl. ¶ 111.)  Plaintiff filed a complaint with this Court on October 31, 2014 alleging eight causes of action.  (Doc. 1, as amended by Am. Compl. ¶ 115-130.)  In part, Plaintiff alleges that the dismissal of his DVR case constitutes a violation of his rights under the Rehabilitation Act and under the Age Discrimination Act.  (Am. Compl. ¶ 124, 128.)  Defendants move to dismiss Plaintiff's claims under section 504 of the Rehabilitation Act and the Age Discrimination Act on the ground that Plaintiff failed to exhaust his administrative remedies as required under both Acts.  (Doc. 30.)  Plaintiff has not responded to Defendants' motion to dismiss.

## II.     MOTION TO DISMISS

In their motion to dismiss, Defendants contend that Plaintiff's failure to exhaust his administrative remedies under the Rehabilitation Act and the Age Discrimination Act deprives the court of its subject-matter jurisdiction under Rule 12(b)(1).  (Doc. 30.)  In reviewing a facial challenge to the sufficiency of a plaintiff's complaint, the court must accept the "well-pleaded factual allegations as true" while disregarding any "unsupported conclusory allegations." *Muscogee (Creek) Nation v. Oklahoma Tax Com'n,* 611 F.3d 1222, 1227 (10th Cir. 2010).  For a plaintiff's complaint to survive a 12(b)(1) motion to dismiss,  the complaint must "state[] a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).  Before bringing a claim in federal court, a party must meet all statutory prerequisites, including exhaustion of administrative remedies. *See Shikles v. Sprint/United Management Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005).  Importantly, a pro se litigant is held to the same legal standard as a lawyer; however, it is well established that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1006, 1110 (10th Cir. 1991). In doing so, the court must not "assume the role of advocate for the pro se litigant." *Id.*

### A.  Rehabilitation Act Claim

Plaintiff claims that Defendants violated his rights under section 504 of the Rehabilitation Act (Am. Compl. ¶ 124), which forbids "any program or activity receiving Federal financial assistance" from discriminating against a disabled individual seeking to participate in or receive benefits from the program or activity.  29 U.S.C.A. § 794(a).  DVR, the agency in question, receives state and federal financial assistance; therefore it is within the purview of section 504 of the Rehabilitation Act.

Defendants argue that Plaintiff's Rehabilitation Act claim should be dismissed for failure to exhaust administrative remedies.   (Doc. 30.)   Exhaustion of administrative remedies is required for employees of federal agencies who file suit under section 501 of the Rehabilitation Act.  *See Showalter v. Weinstein*, 233 Fed. Appx. 803, 804 (10th Cir. 2007) ("Federal employees alleging discrimination . . . must comply with specific administrative complaint procedures in order to exhaust their administrative remedies.").   However, exhaustion of administrative remedies is not a mandatory prerequisite for a non-federal employee filing suit under section 504 of the Act.  *Pushkin v. Regents of Univ. of Colorado*, 658 F.2d 1372, 1382 (10th Cir. 1981) ("We hold that under § 504 of the Rehabilitation Act the plaintiff is not compelled to pursue a remedy which is irrelevant to his particular need.").

When the proffered administrative remedies under section 504 of the Act would provide a plaintiff with inadequate relief, the court will not require the plaintiff to exhaust such administrative remedies.  *See New Mexico Ass'n for Retarded Citizens v. New Mexico*, 678 F.2d 847, 850-51 (10th Cir. 1982) (explaining that a plaintiff is not required to exhaust administrative remedies when the remedies offered do not include relief as sought by the plaintiff). Administrative remedies available to a plaintiff under section 504 are public in nature, and provide for the "suspension or termination of or refusal to grant or to continue Federal financial assistance." 45 C.F.R.  § 80.8(a). Here, such public remedies would not adequately redress the private harms allegedly incurred by Plaintiff as a result of DVR's discriminatory treatment.  (*See* Am. Compl. ¶ 124.)   Therefore, Plaintiff was not required to exhaust administrative remedies before filing suit.  *See Pushkin*, 658 F.2d at 1382.

Defendants' Rule 12(b)(1) motion to dismiss Plaintiff's claim under the Rehabilitation Act fails, and the Defendants' motion is denied with respect to this claim.

### B. Age Discrimination Act Claim

In addition to his claim under the Rehabilitation Act, Plaintiff alleges that Defendants violated the Age Discrimination Act of 1975 by closing his DVR case.  (Am. Compl. ¶ 128.) Under the Age Discrimination Act, it is unlawful for "any program or activity receiving Federal financial assistance" to exclude from, deny benefits to, or discriminate against an individual on the basis of his or her age. 42 U.S.C. § 6102. As stated above, DVR is an agency receiving federal and state funding, and so it falls within the ambit of the Age Discrimination Act.

Defendants contend that Plaintiff's claim under the Age Discrimination Act should be dismissed due to his failure to exhaust his administrative remedies.  (Doc. 30.)  To exhaust the compulsory administrative remedies under the Act, a complainant must first file a complaint with the United States Department of Education, Office for Civil Rights ("OCR) within "180 days from the date the complainant first had knowledge of the alleged discrimination." 34 C.F.R. § 110.3; 34 C.F.R. § 110.31(a).  If, after 180 days from filing the complaint, the OCR has not made a finding or has issued a finding in favor of the recipient of the federal funds, the administrative remedies are deemed exhausted and the plaintiff may file suit against the recipient in federal court. 34 C.F.R. § 110.39(a)(1)-(2); 42 U.S.C. § 6104(f).  Additionally, no less than thirty days prior to commencement of the plaintiff's civil suit, he or she "shall give notice by registered mail . . . to the Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed." 42 U.S.C. § 6104(e)(1); 34 C.F.R. § 110.39(b)(iii)-(iv).

There is scant precedent in the Tenth Circuit on the Age Discrimination Act of 1975. At least one court has found that a plaintiff's failure to exhaust mandatory administrative remedies deprives a federal court of its subject matter jurisdiction over the case.  *See Wieker v. Mesa*

*County Valley Sch. Dist* #51, No. 05-cv0806-WYD-CBS, 2007 WL 595629 at \*9 (D. Colo. Feb. 21, 2007) (providing that if the prerequisite notice is not given, the federal court lacks jurisdiction).   Additionally, other jurisdictions ruling on this question have held that the administrative remedies are mandatory prerequisites to filing suit. *See Parker v. Board of Sup'rs Univ. of La.*, 296 Fed. Appx. 414, 417 (5th Cir. 2008) (per curiam); *see also Kamps v. Baylor University*, 592 Fed. Appx 282, 284 (5th Cir. 2014) (unpublished) (explaining that exhaustion of administrative remedies is mandatory under the Age Discrimination Act).   The Court finds this line of legal reasoning persuasive in its evaluation of the Age Discrimination Act.

Here, Plaintiff states he filed a complaint with the OCR in July of 2013, but Plaintiff does not allege that he filed a complaint with the OCR regarding the March 27, 2014 dismissal of his case.  (*see* Am. Compl. ¶ 101.)  Moreover, Plaintiff does not allege that he gave the prerequisite notice to the Secretary Health and Human Services, the Attorney General of the United States, or to the Defendants.  Even a generous reading of Plaintiff's Complaint cannot cure these factual deficiencies.  Although this Court construes a pro se plaintiff's complaint liberally, when it is "patently obvious that the plaintiff could not prevail on the facts alleged" it is proper for a court to dismiss the claim, because "allowing [the plaintiff] to amend his complaint would be futile." *Hall*, 935 F.2d at 1109-10.  Thus, Plaintiff's failure to file a complaint with the OCR regarding the dismissal of his case and his failure to satisfy the statutory notice requirement deprives the Court of subject matter jurisdiction over this claim.  Pursuant to Rule 12(b)(1), this claim is dismissed.

**THEREFORE**,

**IT IS ORDERED** that

(1) Defendant's Motion to Dismiss (Doc. 30) is **DENIED** with respect to Plaintiff's

Rehabilitation Act claims; and

(2) Defendant's Motion to Dismiss (Doc. 30) is **GRANTED** with respect to Plaintiff's

Age Discrimination Act claim.

_____
**ROBERT C. BRACK**
UNITED STATES DISTRICT JUDGE