IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**HITOSHI OMBE,**

    **Plaintiff,**

v.

    No. 14-CV-00763 RB/KBM
    No. 14-CV-00856 RB/KBM
    No. 14-CV-00857 RB/KBM
    (consolidated)

**SUSANA MARTINEZ,** *et al.***,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Request for Reconsideration of Order Denying Motions for Appointment of Counsel.  (Doc. 60.)  Plaintiff is proceeding *pro se* and *in forma pauperis* under 28 U.S.C. § 1915.  (Doc. 6.)  Jurisdiction arises under 28 U.S.C. § 1331.  Having considered the submissions of counsel, the record, and relevant law, the Court denies Plaintiff's request.

**I.    Background**

In this action, Plaintiff alleges claims under the Americans with Disabilities Act, the Rehabilitation Act, Title VI of the Civil Rights Act, and 42 U.S.C. §§ 1981 and 1983.  (Doc. 24.)  In January 2015, Plaintiff filed Motions to Appoint Counsel.  (Docs. 33 and 40.)  The Court denied these Motions on February 17, 2015.  (Doc. 57.)  Plaintiff moves for reconsideration the Court's Order Denying Motions to Appoint Counsel.

**II.   Standard**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration.  *Warren v. Am. Bankers Ins.*, 507 F.3d 1239, 1243 (10th Cir. 1992).  However, "a district court

always has the inherent power to reconsider its interlocutory rulings[.]" *Id*. Indeed, a district court may alter or amend an interlocutory order at any time before the filing of the final judgment. *Raytheon Constructors, Inc. v. Asarco, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003). In general, grounds warranting reconsideration include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a court should not grant relief where the movant seeks only to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

### III.     Discussion

Plaintiff offers no new arguments, no new evidence, or change in the law to support his request for reconsideration. Rather, he repeats his original arguments. As explained in the Court's Order Denying Motions to Appoint Counsel of February 17, 2015, there is no right to counsel in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006); *United States v. Gosnell*, 961 F.2d 1518, 1521 (10th Cir. 1992). Moreover, United States District Courts lack the authority to appoint counsel to represent indigent litigants in most civil cases. *See Mallard v. United States Dist. Court*, 490 U.S. 296, 309 (1989). In certain exceptional circumstances, a district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). However, the most the Court can do is request voluntary, unpaid assistance from the *pro bono* committee.

In deciding whether to make such a request, the Court must consider: (1) the plaintiff's ability to afford counsel; (2) the plaintiff's diligence in searching for counsel; (3) the merits of the plaintiff's claims; (4) the complexity of the issues raised by the claims, and (5) the plaintiff's capacity to prepare and present the case without the aid of counsel. *See Hill v. Smithkline*

*Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (listing factors applicable to motions to proceed *in forma pauperis* under 28 U.S.C. § 1915); *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (same); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to Title VII cases).  Ultimately, the burden is on the litigant "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill*, 393 F.3d at 1115.

Applying the *Hill/Rucks* factors, the Court denied the original motion because (1) Plaintiff had failed to show sufficient complexity or merit in his claims to justify a request for voluntary assistance of *pro bono* counsel; (2) the nature of the factual issues in the case was straightforward; and (3) Plaintiff had demonstrated that he was able to represent his positions. (Doc. 57.)  Plaintiff has neither asserted nor established any intervening change in the controlling law, any new evidence that was previously unavailable, or any clear error.  *See Servants of the Paraclete*, 204 F.3d at 1012.  Plaintiff's Request for Reconsideration is nothing more than an attempt to revisit issues that have already been addressed.  As such, the Court will deny Plaintiff's request.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Request for Reconsideration of Order Denying Motions for Appointment of Counsel, (Doc. 60), is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**