IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HITOSHI OMBE,

      Plaintiff,

v.

      No. 14-CV-00763 RB/KBM
      No. 14-CV-00856 RB/KBM
      No. 14-CV-00857 RB/KBM
      (consolidated)

SUSANA MARTINEZ, *et al.*,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendants' Motions to Dismiss Plaintiff's Purported Class Action Claims. (Docs. 31 and 38.) Plaintiff is proceeding pro se and in forma pauperis under 28 U.S.C. § 1915. (Doc. 6.) Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions of counsel, the record, and relevant law, the Court grants these motions.

**I.    Background**

Plaintiff brought claims under the Americans with Disabilities Act, the Rehabilitation Act, Title VI of the Civil Rights Act, and 42 U.S.C. §§ 1981 and 1983. (Doc. 24.) Defendants move to dismiss the claims that Plaintiff asserts on behalf of "all individuals similarly situated". (Docs. 33 and 40.) Plaintiff defines the class to include persons who suffer from Autism Spectrum Disorder, and "in particular, people diagnosed [with] Asperger's later in their life or undiagnosed yet." (Doc. 24.)

**II.    Discussion**

A court may not certify a class unless it determines "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Notably, "[w]hen the

court reviews the quality of the representation under Rule 23(a)(4), it will inquire not only into the character and quality of the named representative party, but also it will consider the quality and experience of the attorneys for the class." 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil* § 1769.1 (3d ed. 2005) (footnote omitted). Because a layperson ordinarily does not possess the legal training and expertise necessary to protect the interests of a proposed class, courts have consistently held that class representatives cannot appear pro se. *See* 7A Wright, Miller & Kane, *Federal Practice and Procedure: Civil* § 1769.1 & n.13 (citing cases for rule that class representatives cannot appear pro se).

Specifically, the Tenth Circuit has held that a "litigant may bring his own claims to federal court without counsel, but not the claims of others" because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.' " *Fymbo v. State Farm Fire and Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). In that Plaintiff appears pro se, he cannot adequately represent a class. Accordingly, the Court will dismiss Plaintiff's purported class action claims.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motions to Dismiss Plaintiff's Purported Class Action Claims, (Docs. 31 and 38), are **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**