IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**HITOSHI OMBE,**

      **Plaintiff,**

v.

**SUSANA MARTINEZ,**
*et al.*,

      **Defendants.**

      No. 14-CV-00763 RB/KBM
      No. 14-CV-00856 RB/KBM
      No. 14-CV-00857 RB/KBM
      (consolidated)

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Disability Rights New Mexico, Inc. ("DRNM") Defendants' First Motion to Dismiss Civil Rights and Discrimination Claims for Failure to State a Claim. (Doc. 37.) Plaintiff is proceeding pro se and in forma pauperis under 28 U.S.C. § 1915. (Doc. 6.) Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions of counsel, the record, and relevant law, the Court grants this motion.

**I.    Background**

Plaintiff suffers from Asperger's disorder, a mood disorder, and mild neurocognitive problems. (Doc. 8.) Based on these disabilities, Plaintiff applied for services offered by the New Mexico Division of Vocational Rehabilitation, a government program meant to increase the economic independence of persons with disabilities through employment. (*Id.*) Plaintiff alleges that, in February 2012, Plaintiff contacted DRNM for assistance in working with New Mexico Division of Vocational Rehabilitation to seek employment. (*Id.*) Plaintiff alleges that Defendant Bernadine Chavez, an advocate supervisor employed by DRNM, and Andrea Valles, an advocate

employed by DRNM, attended a few meetings with Plaintiff.  (*Id.*)  Plaintiff generally alleges that DRNM employees failed to communicate clearly to the plaintiff by ignoring his specific needs.  (*Id.*)  Plaintiff alleges that the DRNM Defendants  "failed to recognize that they have been facing an individual with mental disorders and associated disabilities."  (*Id.*)

Additionally, Plaintiff alleges that, on October 10, 2012, Defendant Chavez sent an email message to Plaintiff that she was unavailable for the next meeting.  (*Id.*)  Plaintiff alleges that there were no further contacts between Plaintiff and DRNM until Defendant Chavez wrote to Plaintiff on April 18, 2014.  (*Id.*)  Plaintiff alleges that the letter "revealed that a lot of things were going on without the knowledge of the plaintiff including racism."  (*Id.*)  Plaintiff alleges that he wrote to Defendant James Jackson, the Executive Director of DRNM, and Defendant Jackson ignored the communication.

Plaintiff asserts five remaining causes of action,[1] including claims under (1) the Fourteenth Amendment and Section 1983, (2) Section 1981, (3) the Americans with Disabilities Act, (4) the Rehabilitation Act, and (5) Title VI.  (Doc. 8.)  The DRNM Defendants move to dismiss for failure to state a claim.  (Doc. 37.)

**II.     Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defense of "failure to state a claim upon which relief can be granted" may be raised by motion to dismiss.  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a plaintiff must allege facts that "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that

---

[1] Plaintiff made an additional claim under Section 1983.  However, Section 1983 is only a vehicle: it does not provide substantive relief of its own.  *Gallegos v. City of Denver*, 984 F.2d 358, 362 (10th Cir. 1993).  Additionally, the Court dismissed Plaintiff's claim under the Age Discrimination in Employment Act for failure to exhaust administrative remedies.  (Doc. 83.)

is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than "a sheer possibility." *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id.* (quoting *Twombly,* 550 U.S. at 557) (internal quotation marks omitted).  When applying this standard the court must "accept as true all well-pleaded factual allegations" and view those allegations "in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010).

## III.   Discussion

### A.   Pro se Plaintiff

Plaintiff is proceeding pro se.  The Court, therefore, reviews his "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Notably, pro se status does not entitle Plaintiff to an application of different rules of civil procedure. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).  The Court may not assume that a pro se plaintiff applicant can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  It is well-established that the Court may not act as an advocate for a pro se litigant. *See Hall,* 935 F.2d at 1110.

### B. Lack of response

Plaintiff did not file a response to the motion to dismiss. Local Rule 7.1(b) provides that the "[f]ailure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). However, the Tenth Circuit has held that a district court cannot grant a motion based solely on a party's failure to respond, but rather must consider the merits of the motion. *Issa v. Comp USA*, 354 F.3d 1174,–78 (10th Cir. 2003). Thus, the Court will consider the merits of the motion to dismiss.

### C. Failure to state a claim

Liberally construed, the Amended Complaint fails to state a claim against the DRNM Defendants. Plaintiff alleges violations of the Fourteenth Amendment under 42 U.S.C. § 1983. (Doc. 8-1 at ¶¶ 35–36.) In order to be held liable under § 1983, a defendant must be a state actor. *Wittner v. Banner Health*, 720 F.3d 770, 775 (10th Cir. 2013). Plaintiff does not allege that any DRNM Defendant is a state actor nor do the facts support such a finding. *See id.* at 780–81 (finding that private healthcare services provider and private physicians were not state actors and could not be held liable under section 1983). Therefore, the Amended Complaint does not state a claim under § 1983 against the DRNM Defendants.

Plaintiff alleges that the DRNM Defendants violated his rights under Section 1981 of the Civil Rights Act because of disability, race, and national origin. (Doc. 8-1 at ¶ 37.) Section 1981 provides, in relevant part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).  Plaintiff's allegations do not state a claim under Section 1981.  Plaintiff alleges that a letter from Defendant Chavez showed racism, but he does not explain how the letter or Defendant Chavez deprived Plaintiff of his Section 1981 rights.  Consequently, Plaintiff did not satisfy the pleading requirements of his Section 1981 claim.  Thus, Plaintiff's Section 1981 is dismissed.

Plaintiff alleges that the DRNM Defendants violated the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.  (Doc. 8-1.)  Both acts aim to eradicate discrimination on the basis of disability and courts generally construe the two acts together.  *See Bragdon v. Abbott*, 524 U.S. 624, 625 (1998) ("[T]his Court must construe the Americans with Disabilities Act to grant at least as much protection as the regulations implementing the Rehabilitation Act.").

The DRNM Defendants argue that they cannot be sued in their individual capacities under the Americans with Disabilities Act or the Rehabilitation Act.  (Doc. 28 at 13, 23.)  Indeed, these claims cannot be maintained against individual defendants.  *Lewis v. New Mexico Dep't of Health*, 94 F. Supp. 2d 1217, 1230 (D.N.M. 2000), *aff'd*, 261 F.3d 970 (10th Cir. 2001).  For this reason, the Court dismisses Plaintiff's claims against the individual DRNM Defendants under the Americans with Disabilities Act and the Rehabilitation Act.

In order to state a claim of disability discrimination, a plaintiff must allege "(1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability."  *Robertson v. Las Animas Cnty. Sheriff's Dept.*, 500 F.3d 1185, 1193 (10th Cir. 2007); *see also Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (stating similar requirements for a

discrimination claim under the Rehabilitation Act). Importantly, the Americans with Disabilities Act does not impose a "standard of care" requirement. *See Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 603 n.14 (1999). Plaintiff's allegations do not state a claim for direct, intentional discrimination. *Meyers v. Colorado Dep't of Human Servs.*, 62 F. Appx. 831, 833 (10th Cir. 2003) (unpublished). Plaintiff does not allege that he was *denied* services on the basis of his disability; rather, he merely complains that the services he received did not meet his expectations. The Americans with Disabilities Act and Rehabilitation Act only prevent discrimination; they do not compel a particular outcome or set a quality standard. *See Olmstead*, 527 U.S. at 603 n.14 (holding that the Americans with Disabilities Act does not impose a "standard of care" requirement); *Baumeister v. N.M. Comm'n for the Blind*, 425 F. Supp. 2d 1250, 1265–67 (D.N.M. 2006) (holding that the nondiscrimination clause of the Rehabilitation Act does not create a quality of care standard). Accordingly, Plaintiff has failed to state a claim against DRNM under the Americans with Disabilities Act or the Rehabilitation Act.

Plaintiff brings a Title VI claim against the DRNM Defendants. The DRNM Defendants seek dismissal of this claim, positing that (1) Plaintiff cannot sue individually-named Defendants for money damages under Title VI and (2) Plaintiff failed to state a claim. (Doc. 37 at 20.) "[T]he text of Title VI . . . precludes liability against those who do not receive federal funding, including individuals." *Shotz v. City of Plantation*, 344 F.3d 1161, 1170 (11th Cir. 2003); *Silva v. St. Anne Catholic School*, 595 F. Supp. 2d 1171, 1179 (D. Kan. 2009) (explaining same). Accordingly, Plaintiff cannot sue any of the individually-named DRNM Defendants for relief under Title VI.

Title VI of the Civil Rights Act provides that, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the

6

benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Importantly, Title VI "prohibits only intentional discrimination." *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001). Plaintiff's Amended Complaint did not allege that DRNM Defendants intentionally discriminated against him because of race, color, or national origin. While Plaintiff alleged that Defendant Chavez's letter showed racism, individuals cannot be sued under the Act. Plaintiff did not connect this letter to any of DRNM's decisions or actions. And though Plaintiff alleges that the DRNM Defendants should have known how to communicate with him better, these allegations do not state a claim of intentional discrimination. Consequently, Plaintiff does not state a plausible Title VI claim.

Plaintiff requests various declaratory remedies. The Federal Declaratory Judgment Act does not create any new substantive legal rights, but only offers a procedure and a remedy. *Kunkel v. Continental Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989); *see also Mashunkashey v. United States*, 131 F.2d 288, 290 (10th Cir. 1942) ("[T]he declaratory judgment act creates no new rights."). "[I]n the context of an action for declaratory relief, a plaintiff must be seeking more than a retrospective opinion that he was wrongly harmed by the defendant." *Jordan v. Sosa*, 654 F.3d 1012, 1025 (10th Cir. 2011). Examining the facts as alleged in Plaintiff's Amended Complaint, the Court determines that all requested declaratory relief is improper because it would only serve to retrospectively vindicate perceived past wrongs. *See id.* Plaintiff's requests for declaratory judgment do not clarify or settle the legal issues in the suit. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994) (explaining considerations for deciding to hear claims for declaratory judgment); *Am. Gen. Life Ins. v. Bagley*, No. 2:13-CV-00089-RJS, 2013 WL 5916824, at *5 (D. Utah Nov. 4, 2013) (holding that

a district court can dismiss a redundant claim for declaratory relief).  The Court declines to hear Plaintiff's claims for declaratory relief.

## IV.     Conclusion

Plaintiff alleges that the DRNM Defendants violated his rights.  Because the DRNM Defendants are not state actors within the meaning of Section 1983, Plaintiff's Fourteenth Amendment claims under this statute fail to state a claim.  Similarly, Plaintiff failed to state a claim under Section 1981, the ADA, or the Rehabilitation Act.  Likewise, Plaintiff's Title VI claim is dismissed for pleading deficiencies.  Finally, the Court dismissed Plaintiff's request for declaratory relief against the DRNM Defendants, as such relief would be improper under the facts of the case.

**THEREFORE,**

**IT IS ORDERED** that the DRNM Defendants' First Motion to Dismiss Civil Rights and Discrimination Claims for Failure to State a Claim, (Docs. 37), is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**