IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HITOSHI OMBE,

    Plaintiff,

v.                                                           No. CIV 14-0763 RB/KBM

STATE OF NEW MEXICO, NM DEPARTMENT
OF PUBLIC EDUCATION, NM DIVISION OF
VOCATIONAL REHABILITATION (NMDVR),

    Defendants.

## ORDER GRANTING REQUEST FOR JURY TRIAL

This matter is before the Court on Plaintiff's Request of Jury Trial, filed on July 20, 2017. (Doc. 133.) Defendants have not filed a response.

**I.**     **Procedural Background**

Plaintiff, who is pro se, filed his initial Complaint on August 22, 2014 (Doc. 1), and an Amended Complaint on October 31, 2014 (Doc. 8). After the Court granted in part several motions to dismiss filed by the parties (*see* Docs. 28–31, 37–38, 83, 93, 94, 96), the Defendants filed their Answer to Plaintiff's Amended Complaint on September 4, 2015 (Doc. 97). Over the next 18 months, Plaintiff filed a number of documents with the Court, but it does not appear that the parties conducted discovery or made any other progress in the case. (*See* Docs. 98–106; 109–12; 114; 116.)

Judge Molzen held an in-person status conference on March 3, 2017. (*See* Doc. 117.) During this status conference, Plaintiff explained that the delay in the case was the result of his disabilities and depression. (*Id.* at 1.) He also discussed his processing and language difficulties. (*Id.*) Judge Molzen explained to the parties that they must either pursue settlement or proceed to

discovery. (*Id.* at 5.) Plaintiff indicated he would prefer to pursue settlement. (*Id.*) Ultimately, Judge Molzen proposed that the parties engage in informal discovery with an eye toward setting a settlement conference. (*Id.*)

The Court filed its Initial Scheduling Order on June 22, 2017. (Doc. 128.) The parties filed their Joint Status Report and Provisional Discovery plan on July 20, 2017. (Doc. 135.) Plaintiff also filed his Request of Jury Trial on July 20, 2017. (Doc. 133.) Plaintiff explains in his Request that during a "meet and confer" meeting with opposing counsel, Plaintiff learned he could request a jury trial. (*Id.* at 1.) Plaintiff explains that any failure to request a jury trial in his Complaint "is an example that still undiagnosed DEPRESSION affected [his] cognitive functions." (*Id.*)

## II. Analysis

Federal Rule of Civil Procedure 38 requires that a party make a demand for a jury trial by service "not later than 14 days after the last pleading directed to the issue is served . . . ." Fed. R. Civ. P. 38(b)(1). A party's failure to properly serve and file a timely jury demand waives his or her right to trial by jury. Fed. R. Civ. P. 38(d).

Plaintiff did not include a jury demand in either his original or Amended Complaint. (*See* Docs. 1; 8.) The last pleading in this matter, Defendants' Answer to the Amended Complaint, was served and filed on September 4, 2015. (*See* Doc. 97.) Plaintiff did not file his request for a jury trial for almost two full years past the time given in Rule 38; hence, he waived his right to trial by jury. Fed. R. Civ. P. 38(d).

Rule 39 gives the Court discretion, upon motion by a party, to grant a jury trial even where that motion is untimely. Fed. R. Civ. P. 39(b). The Tenth Circuit "has held that, absent strong and compelling reasons to the contrary, a district court should exercise its discretion under

Rule 39(b) and grant a jury trial." *Nissan Motor Corp. in U.S.A. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992) (citation omitted). Mere inadvertence by a party would not constitute such a strong and compelling reason. *Id.* (citations omitted).

Here, Plaintiff offers a reason beyond mere inadvertence—he asserts that he did not submit a timely jury demand because depression negatively affected his cognitive functioning. (Doc. 133 at 1.) Plaintiff does not cite any authority in support of his untimely request for a jury trial. (*See id.*) On the other hand, Defendants offer no authority, nor can the Court find any, that would strongly counsel against granting Plaintiff's request under these circumstances.

In cases where courts have denied a plaintiff's untimely request for a jury trial, other factors have weighed into the courts' decisions. *See*, *e.g.*, *Cordero v. Froats*, No. 13-031 JCH/GBW, 2016 WL 7437133, at *1–2 (D.N.M. Oct. 19, 2016) (denying untimely request where plaintiff marked "yes" on the Jury Demand section on the Civil Cover Sheet, but later filed a Joint Status Report and a First Amended Joint Status Report describing the case as a "non-jury case," and an amended complaint that did not include a jury demand, and plaintiff did not dispute defendant's characterization of the case as one for bench trial at a settlement conference, instead only raising it to the court in the pretrial order with the "trial date looming"); *Henry v. Albuquerque Job Corps Ctr.*, No. 11CV322 WJ/LAM, 2014 WL 12631440, at *1–2 (D.N.M. June 3, 2014) (denying untimely request where plaintiff "chose not to demand a jury trial . . . due to the fact that some of her claims were required to go to a bench trial and she felt it would be 'awkward' to have some claims tried before a jury and some tried before a judge[,]" and where discovery terminated shortly after plaintiff filed her untimely request and defendants argued they would have approached discovery and settlement differently if they had known it was a jury case); *Mathis v. Huff & Puff Trucking, Inc.*, No. 12-CV-29-F, 2012 WL 12914685, at

*2 (D. Wyo. Dec. 27, 2012) (denying untimely request where, during initial pretrial conference, defense counsel mentioned that plaintiff had not filed a jury demand and court scheduled bench trial; several months thereafter, plaintiff filed a jury trial request).

Here, there is no evidence that Plaintiff completed a Civil Cover sheet with a "jury demand" option. (*See* Docs. 1; 8.) Additionally, the Court has examined the District's Pro Se Litigant Guide and can find no mention of the need to request a jury trial. (*See* http://www.nmd.uscourts.gov/sites/nmd/files/ProSePackage.pdf.) There has been little or no discovery conducted, and discovery does not terminate until April 26, 2018. (Doc. 139.) The Court has not set pretrial conference or trial dates. Defendants have not contested Plaintiff's motion, and in fact, defense counsel allegedly informed Plaintiff at the parties' meet and confer meeting that he was able to request a jury trial. (*See* Doc. 133 at 1.)

While the Court finds Plaintiff's request is untimely, the Court finds no reason so strong or compelling to deny it. *See*, *e.g.*, *See*, *e.g.*, *Kigera v. Bethesda Lutheran Cmtys.*, No. 2:16-cv-02547-JTM-TJJ, 2017 WL 2418013, at *1–2 (D. Kan. June 5, 2017) (granting untimely request for jury trial, despite the fact that on "an Employment Discrimination Complaint form offered by the Court Clerk for use by pro se plaintiffs," the pro se plaintiff checked "no" on the box next to "Plaintiff requests trial by jury"); *Gilkey v. ADT Sec., Inc.*, No. 11-1369-JAR, 2012 WL 1901287, at *1–2 (D. Kan. May 25, 2012) (finding "no strong and compelling reason to deny" untimely request where "discovery was still ongoing[,]"the request came before the pretrial conference, and defendant did not allege prejudice); *Goff v. Owen Healthcare, Inc.*, 166 F.R.D. 492, 494–95 (D. Kan. 1996) (granting untimely request and noting that the plaintiff's request was late due to "personal illness and loss of a parent[,]" and defendant would not suffer prejudice because the first discovery requests were served more than a month after plaintiff's request);

4

*Brown v. Wal-Mart Stores, Inc.*, No. CIV 05-1332 RB/KBM, Mem. Op. & Order, at *3 (D.N.M. Aug. 9, 2006) (granting untimely request because discovery had only recently started and trial was not scheduled for another year).

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Request of Jury Trial (Doc. 133) is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**