# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

HITOSHI OMBE,

      Plaintiff,

v.                                                                    No. CIV 14-0763 RB/KBM

STATE OF NEW MEXICO, et al.,

      Defendants.

## ORDER TO SHOW CAUSE RE: FILING RESTRICTIONS

      This matter is before the Court on the State Defendants' First Motion for Sanctions or in the Alternative Motion to Enjoin Plaintiff from Future Actions without Leave of the Court, filed on November 3, 2017. (Doc. 176.) Although Plaintiff, who is proceeding *pro se* and *in forma pauperis*, has submitted nine different documents in the more than two months since Defendants filed their Motion, Plaintiff has not responded to this Motion for Sanctions. (*See* Docs. 178, 179, 180, 182, 183, 186, 187, 188, 189.) For the reasons stated herein, the Court will **deny** Defendants' Motion for sanctions, but will **grant** Defendants' Motion insofar as it asks the Court to "enjoin plaintiff from filing any further documents in this case without leave of the Court." (*See* Doc.176 at 1.)

      Mr. Ombe's case has been pending before this Court for over three years. In this time, Mr. Ombe has filed 37 pleadings, motions, and replies (including surreplies filed without leave of the Court),[1] 8 responses to Defendants' motions or court orders,[2] and 61 notices, letters, and

---

[1] *See* Docs. 1, 2, 5, 8, 10, 21, 24, 25, 26, 27, 33, 40, 43, 50, 55, 56, 58, 60, 62, 65, 67, 68, 71, 133, 146, 147, 148, 149, 150, 151, 152, 154, 155, 170, 179, 182, 188.
[2] *See* Docs. 9, 11, 12, 35, 70, 109, 111, 35.

other miscellaneous filings.[3] As the Defendants note in their Motion, Mr. Ombe expends a significant amount of energy in his filings disparaging opposing counsel and the Court.[4] (*See* Doc. 176 (listing a litany of examples).)

The Court is mindful that Mr. Ombe is acting *pro se*, speaks English as a second language, and has certain diagnoses that present challenges. The Court cannot, however, grant Mr. Ombe unfettered access to file countless notices and papers that do little to further this case.

The Tenth Circuit has discussed the Court's power to impose filing restrictions, as well as the procedure to impose such restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the . . . court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome . . . as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati*, 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

---

[3] *See* Docs. 3, 34, 41, 44, 45, 46, 54, 61, 64, 74, 75, 76, 77, 78, 79, 82, 86, 87, 89, 90, 95, 98, 99, 100, 101, 102, 103, 104, 105, 110, 112, 114, 115, 116, 118, 119, 120, 122, 123, 124, 125, 126, 127, 129, 130, 131, 132, 136, 140, 145, 159, 160, 167, 169, 174, 178, 180, 183, 186, 187, 189.
[4] Rather than repeating the lengthy recitation of Mr. Ombe's attacks on opposing counsel and the Court in this Order, the Court incorporates the Defendants' recitation by reference here. (*See* Doc. 176 at 2–9.)

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff:

(1) Plaintiff may file documents by and through a licensed attorney who is admitted to practice before this Court and has appeared in this action and signed the documents to be filed.

(2) Plaintiff, acting *pro se*, may file motions asking the Court for permission to file a document, entitled "Plaintiff's Motion for Leave to File _____," with the title of the document he seeks leave to file filled in the blank. The Motion for Leave to File must be no more than five typed, double-spaced pages in length, and must certify that, to the best of Plaintiff's knowledge, the document he seeks leave to file complies with the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of New Mexico. Plaintiff must attach to the Motion for Leave to File a copy of the document he seeks leave to file. Plaintiff may seek leave to file only one document per motion.

(3) Any document Plaintiff seeks leave to file must specifically comply with Local Rules 7 and 10, Motion Practice, including the timing of motions and the restrictions on page length (both briefs and exhibits). *See* D.N.M. LR-Civ. 7.4(a) (requiring that "[a] response must be served and filed within [14] calendar days after service of the motion[,]" and [a] reply must be served and filed within [14] calendar days after service of the response"; a party who seeks an "extension must file a separate motion within the applicable [14] day period[,]" and any extension "must not interfere with established case management deadlines"); D.N.M. LR-Civ. 7.4(b) (requiring leave of Court to file a surreply); D.N.M. LR-Civ. 7.5 (limiting the length of a motion to 27 double-spaced pages, a response brief to 24 double-spaced pages, and a reply brief to 12 double-spaced pages); D.N.M. LR-Civ. 10.5 (limiting exhibits to 50 pages "unless all

parties agree otherwise" or if no agreement can be reached, "the party seeking to exceed the page limit must file a motion in accordance with D.N.M. LR-Civ. 7").

(4)     The Court hereby notifies Plaintiff that it will not approve any motion seeking leave to file a "Notice" or "Progress/Status Report" or other miscellaneous pleading that does not further the progress of this case.

(5)     With the exception of appropriate replies to Plaintiff's own motions,[5] responses to Defendants' motions or to this Court's orders seeking a response, Plaintiff is hereby limited to filing only one document each month as detailed in paragraphs above.

(6)     From this date forward, Plaintiff may not file any document via fax. Plaintiff shall either bring his motions to the United States District Court Clerk's Office intake table in person (*see* Doc. 181, attached as Ex. 1 to this Order), or mail motions (including any objections to this Order to Show Cause) to:

U.S. District Court
District of New Mexico
100 N. Church Street, Suite 280
Las Cruces, NM 88001

(7)     Plaintiff shall refrain from denigrating opposing counsel and this Court. Plaintiff's future use of abusive and harassing language shall be cause for sanctions, up to and including an order dismissing Plaintiff's case with prejudice.

<u>The Clerk will be directed not to accept, and to return to Plaintiff without filing, any documents Plaintiff attempts to file in this matter other than in the manner described in the paragraphs above.</u>

**Plaintiff may file written objections to this Order to Show Cause. Plaintiff must mail any such objections to the Court, and the objections must be postmarked no later than**

---

[5] *See* D.N.M. LR-Civ. 7.4(b) (requiring leave of Court to file a surreply).

**February 9, 2018. Plaintiff's objections must be entitled "Plaintiff's Objections to Proposed Filing Restrictions," and may be no more than 10 typed, double-spaced pages in length. If Plaintiff fails to timely mail objections complying with this Order, the Court will enter the proposed filing restrictions without further notice. If Plaintiff files timely objections complying with this Order, restrictions will take effect only on entry of a subsequent order ruling on the objections.**

    **THEREFORE,**

    **IT IS ORDERED** that Defendants' First Motion for Sanctions or in the Alternative Motion to Enjoin Plaintiff from Future Actions without Leave of the Court (Doc. 176) is **granted in part** as described herein;

    **IT IS FURTHER ORDERED** that Plaintiff shall mail any objections to this Order to Show Cause, complying with the directions in the bolded paragraph above, no later than February 9, 2018.

    **IT IS SO ORDERED.**

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**

D.N.M. Civ-LR 7 and 10

**RULE 7. Motion Practice**.

**7.1 Writing Requirement; Opposition.**
**(a)** A motion must be in writing and state with particularity the grounds and the relief sought. A party may adopt by reference another party's motion or other paper by making specific reference to the filing date and docket number of such motion or other paper. Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied. In *pro se* inmate cases, movant need not determine whether the motion is opposed. An attorney's motion to withdraw from representation of a party must follow the procedure provided in D.N.M.LR-Civ. 83.8.
**(b)** A motion, response, or reply must include a certificate of service on each party. The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion. The failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete.

**7.2 Unopposed Motions; Case Management Deadlines.** An unopposed motion must be accompanied by a proposed order approved by each party, in accordance with the procedure set by the assigned Judge. A non-dispositive motion which alters or affects case management deadlines requires approval of the assigned Judge, as provided in D.N.M.LR-Civ. 16.1.

**7.3 Form of Motion and Related Evidence**.
**(a)** A motion, response or reply must cite authority in support of the legal positions advanced. Movant's authority may be submitted in a separate brief filed and served contemporaneously with the motion.
**(b)** Movant must submit evidence, in the form of affidavits, deposition excerpts, or other documents, in support of allegations of fact.

**7.4 Timing of and Restrictions on Responses and Replies.**
**(a) Timing.** A response must be served and filed within fourteen (14) calendar days after service of the motion. A reply must be served and filed within fourteen (14) calendar days after service of the response. These time periods are computed in accordance with FED. R. CIV. P. 6(a) and (d) and may be extended by agreement of all parties. For each agreed extension, the party requesting the extension must file a notice identifying the new deadline and the document (response or reply) to be filed. If an extension of time is opposed, the party seeking the extension must file a separate motion within the applicable fourteen (14) day period. An extension of briefing time must not interfere with established case management deadlines.
**(b) Surreply.** The filing of a surreply requires leave of the Court.
**(c) Expedited Briefing.** When the Court orders an expedited briefing schedule, briefs and any supporting papers must be served on each party by the most expeditious reasonable

method of service.
**(d) Cases With Briefing Schedule Set by Court (Bankruptcy or Social Security Appeals).** The parties will be given a briefing schedule by the Clerk or by the Court. Timing of responses and replies must conform with the briefing schedule unless all parties agree otherwise.
**(e) Notice of Completion.** Upon completion of briefing, the movant must file a notice certifying that the motion is ready for decision and identifying the motion and all related filings by date of filing and docket number.

**7.5 Length of Motion and Brief.** The length of a motion or, if a separate brief is filed in support of a motion, the combined length of a motion and supporting brief, must not exceed twenty-seven (27) double-spaced pages. A response brief must not exceed twenty-four (24) double-spaced pages. A reply brief must not exceed twelve (12) double-spaced pages. Unless otherwise ordered, these page limits apply to non-motion briefs, *e.g.*, merits briefs in Social Security or bankruptcy appeals and proceedings under 28 U.S.C. §§ 2241, 2254, and 2255.

**7.6 Oral Argument.**
**(a) When Allowed.** A motion will be decided on the briefs unless the Court sets oral argument.
**(b) Hearing by Telephone Conference.** The Court may permit hearing by telephone conference. The party requesting a telephonic hearing must initiate the call and pay the expense. The requesting party must provide to the Court and all participants copies of all documents necessary for the hearing. The documents must be delivered before the hearing by the most expeditious reasonable method of service.

**7.7 Withdrawal of Documents**. A party may withdraw a document from consideration by the Court by filing and serving a notice of withdrawal which specifically identifies the document being withdrawn. Withdrawal requires consent of all other parties or approval of the Court.

**7.8 Citation of Supplemental Authorities.**
**(a)** If controlling authority comes to a party's attention after the party's brief has been filed B or after oral argument but before decision B a party must promptly file a "Notice of Supplemental Authorities," setting forth the citations.
**(b)** If pertinent and significant authorities come to a party's attention after the party's brief has been filed B or after oral argument but before decision B a party may promptly file a "Notice of Supplemental Authorities," setting forth the citations.
**(c)** The Notice must state the reasons for the supplemental citations, referring either to the page of the brief or to a point argued orally. The body of the Notice must not exceed 350 words. Any response must be filed within seven (7) days of the filing of the Notice and will be limited to 350 words. No reply to the response will be permitted.

**RULE 10. Form of Documents**.

**10.1 Form**. A paper presented for filing must be on size 8 ½ by 11 inch white, opaque, unglazed paper of good quality and be typewritten or printed on one side without interlineations. The typewritten text of all documents must be at least 12 pitch, and type must be of letter quality. The left, right, and bottom margins must be at least 1 inch, the top margin must be at least 1½ inches. Except for footnotes and quotations, the text of all documents must be double spaced. The first page of each document must have the case file number and initials of the assigned Judges.

**10.2 Titles of Documents.** The title of a document must clearly identify its substance and any filed document to which it responds or is connected.

**10.3 Filing of Non-Conforming Documents.**
**(a) Acceptance of Documents.** The Clerk will not refuse to file any document because it is not in proper form.
**(b) Signature.** A paper filed without signature will be stricken unless it is signed within fourteen (14) days after the omission is called to the party's attention.
**(c) Non-Conforming Documents.** The Clerk will give to the submitting party written notice of a deficiency and deadline for correcting the deficiency. The Clerk will also provide any applicable forms and instruction sheets. Failure to remedy a deficiency or to show good cause for non-compliance within forty-five (45) days from the date of notice may result in striking of the document or dismissal of the action without prejudice in accordance with D.N.M.LR-Civ. 41.2.

**10.4 Attachments to Pleadings.** Exhibits are not attached to a pleading unless the documents attached form the basis for the action or defense.

**10.5 Page Limit for Exhibits.** All exhibits to a motion, response or reply, including excerpts from a deposition, must not exceed a total of fifty (50) pages, unless all parties agree otherwise.[6] If agreement cannot be reached, then the party seeking to exceed the page limit must file a motion in accordance with D.N.M.LR-Civ. 7. A party may file only those pages of an exhibit which are to be brought to the Court's attention.

**10.6 Identifying Portions of Exhibits.** The portions of an exhibit the party wishes to bring to the Court's attention must be marked, e.g., by brackets, shading, or underlining, in the original, the copy for the Court and the copy for each party. Marking must be apparent on exhibits that are scanned and filed and/or served electronically so that, when printed in hard copy, the reader can clearly see what is marked to read and the text can be easily read. This rule applies equally to parties who are excused from electronic filing.

**10.7 Non-duplication of Exhibits.** An exhibit should be submitted only once and may later be

---

[6] The CM/ECF application limits the file size of each document. The maximum file size and techniques for submitting documents that exceed this limitation are described in the CM/ECF Administrative Procedures Manual which can be found on the Court's web site.

referred to by document title and filing date. An exhibit may be submitted more than once, however, if the submitting party wishes to bring to the Court's attention portions of the exhibit different from those previously marked under D.N.M.LR-Civ. 10.6.